UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| EARL DIAMOND,<br>　　　　　　　Plaintiff,<br>v.<br><br>RIVERBEND APTS and<br>CHARGER PROPERTIES,<br>　　　　　　　Defendants.<br>_____/ | Case No. 23-10005<br><br>Terrence G. Berg<br>United States District Judge<br><br>Curtis Ivy, Jr.<br>United States Magistrate Judge |

### ORDER ON PLAINTIFF'S MOTION TO PUT RENT PAYMENTS IN ESCROW and SETTING ASIDE ENTRIES OF DEFAULT

Plaintiff fled this action without the assistance of counsel and is proceeding *in forma pauperis*. This case was referred to the undersigned to handle all pretrial proceedings. Before the Court is Plaintiff's motion for an order requiring Defendants to put his rent money into an escrow account (ECF No. 6) and the Clerk's entries of default against both Defendants (ECF Nos. 24, 25).

A.　Motion Requiring Defendant to put Rent Payments in Escrow (ECF No. 6)

Plaintiff seeks a Court order requiring the Defendants to put his rent payments from November 2022 forward into escrow pending resolution of this case. He cites no authority to support the deposit of funds into escrow. There is a provision in the Federal Rules of Civil Procedure which provide for depositing property which states "if any part of the relief sought is a money judgment or the disposition of a sum of money . . . a party . . . may deposit with the court all or part

of the money . . . , whether or not that party claims any of it." Fed. R. Civ. P. 67(a). The party seeking to deposit must give notice to every other party, and obtain leave of court to do so. Fed. R. Civ. P. 67(a). This rule is directed at a *party* who wishes to deposit property; it is not a means by which one party may compel another to deposit property. *Rogath v. Siebenmann*, 941 F. Supp. 416, 425 (S.D.N.Y. 1996), *vacated on other grounds*, 129 F.3d 261 (2d. Cir. 1997) ("The language of [ ] rule [67] does not provide the Court with authority to compel Defendant to deposit money with the Court."); *Guthartz v. Park Ctr. West Corp.*, 2008 WL 2949515, at *1 (S.D. Fla. July 29, 2008) ("[T]he plain language of [ ] rule [67] . . . only permits for a voluntary deposit of funds or thing."). The motion is **DENIED**.

B. Entries of Default[1]

Plaintiff requested entry of default against both Defendants on April 14, 2023, for their failure to respond to the complaint. The requests were denied because no proof of service had been filed for either Defendant. (ECF Nos. 19, 20). On April 21 and 27, 2023, Plaintiff filed what are purported to be proofs of service. In the first document, he states that per the USMS 25 form, the complaint

---

[1] "A motion to set aside a Clerk's entry of default (as opposed to grant or set aside a default *judgment*) is considered a non-dispositive motion that a Magistrate Judge can decide directly under 28 U.S.C. § 636(b)(1)(A), rather than addressing by Report and Recommendation under 28 U.S.C. § 636(b)(1)(B)." *Allstate Fire & Cas. Ins. Co. v. Novosad*, 2016 WL 5430191, at *1 n.2 (E.D. Mich. Sept. 29, 2016) (collecting cases) (emphasis in original).

was served on the Defendants on March 17, 2023. The second document is another statement that the USMS Form 285 form which indicates service on March 17th and includes a partially readable USMS-285 form and a completely unreadable photocopied image of a document which appears to be another USMS-285 form. Because these documents show, at most, that the United States Marshals Service ("USMS") received the service documents on March 17th, not that the documents were served March 17th, the Court ordered Plaintiff to show cause why the entries of default should not be set aside for lack of proper service on the Defendants. (ECF No. 26). Plaintiff responded to the order with briefs and documents purporting to evidence service on the Defendants. (ECF Nos. 27-35). He appears to argue that it was USMS's responsibility to properly serve the Defendants, the Defendants were properly served, and the Defendant appeared in the state court case they initiated against him for past-due rent payments, implying that their appearance in that court is sufficient to be considered properly served in this Court.

A court may, on its own, set aside an entry of default for good cause. Fed. R. Civ. P. 55(c); *Judson Atkinson Candies, Inc. v. Latini-Hohberger Dhimantec*, 529 F.3d 371, 386 (7th Cir. 2008); *Anheuser Busch, Inc. v. Philpot*, 317 F.3d 1264, 1267 (11th Cir. 2003); *In re Tuli*, 172 F.3d 707, 712 (9th Cir. 1999). Failure to effect proper service of process on the defendant is good cause to set aside an entry

of default. "Without proper service of process, the district court is without jurisdiction to make an entry of default against a defendant." *Sandoval v. Bluegrass Reg'l Mental Health-Mental Retardation Bd.*, 229 F.3d 1153, at *5 (6th Cir. 2000) (TABLE) (citing 10 A. Wright, Miller & Kane, Federal Practice and Procedure: Civil 3d § 2682); *King v. Taylor*, 694 F.3d 650, 655 (6th Cir. 2012) (explaining that "without proper service of process, consent, waiver, or forfeiture, a court may not exercise personal jurisdiction over a named defendant[,]" and "in the absence of personal jurisdiction, a federal court is powerless to proceed to an adjudication." (internal quotation marks and citations omitted)). A named defendant "becomes a party officially, and is required to take action in that capacity, only upon [proper] service of a summons or other authority-asserting measure stating the time within which the party served must appear and defend." *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350 (1999).

The Defendants are corporate entities, but it is unclear what kind of entities (i.e., partnership, limited liability company, corporation, etc.). Pursuant to Federal Rule of Civil Procedure 4(h)(1), personal service on a corporation must be made either by: (a) "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made;" or (b) "by delivering a copy of the summons and of the complaint to an officer, a managing agent or general agent, or another agent

authorized by appointment or by law to receive service of process and—if the agent is one authorized by statute and the statute so requires—by also mailing a copy of each to the defendant." Rule 4(h)(1) does not provide for service of process upon corporations simply by mail. *O.J. Distributing, Inc. v. Hornel Brewing Co., Inc.*, 340 F.3d 345, 354-55 (6th Cir. 2003) (having a receptionist sign for an overnight package is not sufficient under Rules 4(b) and (h)); *Etherly v. Rehabitat Sys. of Michigan*, 2013 WL 3946079 (E.D. Mich. 2013) (improper service where "someone at Rehabitat acknowledged receipt" of a certified mail package because "Rule 4(h)(1) does not authorize service of process by mail; it requires mailing combined with personal service of the agent."). The Michigan Court Rules for service of process on corporate entities, Mich. Ct. R. 2.105(C), (D), (E), and (H) (whichever applies to Defendant corporate entities), also do not allow for service simply by mail accepted by someone in the office.

There is no evidence or indication that either of the persons affiliated with Defendant who was served with a copy of the Summons and Complaint was "an officer, a managing agent or general agent, or another agent authorized by appointment or by law to receive service of process." The addresses Plaintiff provided for both entities do not include the name and address for a manager or resident agent, whichever person the correct Michigan Court Rule requires.

5

Items on the docket that are intended to show service of the complaint on Defendants do not show that either Defendant was properly served. Green cards were returned for both Defendants signed but undated. It is unclear who signed the green cards, but they were not addressed to a person who can be considered an appropriate person under the federal or Michigan rules for service. (ECF No. 17). And in any event, as explained above, mailed service of process alone is insufficient.

As for Plaintiff's contention that Defendants are aware of this lawsuit but are choosing to ignore it, "actual notice of the litigation is insufficient to permit a court to exercise jurisdiction over a defendant; rather, compliance with the requirements of Rule 4 must be shown." *Harrison v. Burt*, 2008 WL 3984044, at *1 (E.D. Mich. Aug. 28, 2008).

Because there is no evidence that the Defendants were properly served, the Court concludes that it did not have the authority to enter a default against the Defendants. *See Thomas v. Wayne Cnty. Comm. Coll. Dist.*, 2020 WL 5878215, at *2 (E.D. Mich. Oct. 2, 2020). Thus, the entries of default are **SET ASIDE**.

Plaintiff is correct that USMS is charged with serving the summons and complaint. As it stands, it does not appear that addresses and service information Plaintiff provided for Defendants is accurate. Plaintiff must provide the name of an agent for service of process that complies with the rules described above and an

6

address for service on that agent.[2] Plaintiff has the burden of supplying the correct information for service of process. The names and addresses must be submitted **on or before July 7, 2023**. Plaintiff is cautioned that he should review the Federal rules and Michigan Court Rules for service of process cited in this Order so that he submits the correct names and addresses. Once service information is received, the Court will direct USMS to personally serve the summons and complaint on Defendants in accordance with the rules.

**IT IS SO ORDERED**.

The parties here may object to and seek review of this Order, but are required to file any objections within 14 days of service as provided for in Federal Rule of Civil Procedure 72(a) and Local Rule 72.1(d). A party may not assign as error any defect in this Order to which timely objection was not made. Fed. R. Civ. P. 72(a). Any objections are required to specify the part of the Order to which the party objects and state the basis of the objection. When an objection is filed to a magistrate judge's ruling on a non-dispositive motion, the ruling remains in effect unless it is stayed by the magistrate judge or a district judge. E.D. Mich. Local Rule 72.2.

---

[2] Often this information can be obtained from Michigan's Licensing and Regulatory Affairs website.

Date: June 7, 2023                         s/Curtis Ivy, Jr.
                                           Curtis Ivy, Jr.
                                           United States Magistrate Judge

## CERTIFICATE OF SERVICE

    The undersigned certifies that this document was served on counsel of record and any unrepresented parties via the Court's ECF System or by First Class U.S. mail on June 7, 2023.

                                    s/Kristen MacKay
                                    Case Manager
                                    (810) 341-7850