UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| EARL DIAMOND, | Case No. 23-10005 |
| Plaintiff, | |
| v. | Terrence G. Berg |
| | United States District Judge |
| RIVERBEND APTS and | |
| CHARGER PROPERTIES, | Curtis Ivy, Jr. |
| Defendants. | United States Magistrate Judge |
| _____/ | |

**REPORT AND RECOMMENDATION ON PLAINTIFF'S REQUESTS FOR INJUNCTIVE RELIEF ECF (Nos. 13, 27, 40, 41)**

A.   Discussion

This is a Fair Housing Act case alleging discrimination on the basis of race. Before the Court are a motion and letter Plaintiff filed that essentially seek injunctive relief against the Defendants and any state court proceedings. This case was referred to the undersigned for all pretrial proceedings. (ECF No. 14). For the reasons below, the undersigned recommends that these requests be **DENIED**.

Plaintiff moved for an order staying and dismissing all state court action(s) filed by the Defendants against him for past-due rent payments. (ECF No. 13). He also filed a letter in which he requests that the Court stay execution of a "writ to eviction" Defendants purportedly obtained in state court. (ECF No. 27). He says the notice of eviction was served May 8, 2023. In later requests, he explains he has been evicted and requests that the Court order the return of his property and order

that he be allowed to live in the apartment rent free. (ECF Nos. 40, 41). He cited no authority to support his requests. These are requests for injunctive relief.

Temporary restraining orders and preliminary injunctions are extraordinary remedies designed to protect the status quo pending final resolution of a lawsuit. *See Univ. of Texas v. Camenisch*, 451 U.S. 390 (1981). Whether to grant such relief is a matter within the discretion of the district court. *Certified Restoration Dry Cleaning Network, L.L. C. v. Tenke Corp.*, 511 F.3d 535, 540 (6th Cir. 2007). The same factors are considered in determining whether to grant a request for either a temporary restraining order or a preliminary injunction. *See Sandison v. Michigan High Sch. Athletic Assoc.*, 64 F.3d 1026, 1030 (6th Cir. 1995). The four factors that must be balanced and considered before the court may issue a temporary restraining order or preliminary injunction include: (1) the likelihood of the plaintiff's success on the merits; (2) whether the plaintiff will suffer irreparable injury without the injunction; (3) the harm to others which will occur if the injunction is granted; and (4) whether the injunction would serve the public interest. *Certified Restoration*, 511 F.3d at 542. It is well settled that, "[a]lthough no one factor is controlling, a finding that there is simply no likelihood of success on the merits is usually fatal." *Gonzales v. National Bd. of Med. Examiners*, 225 F.3d 620, 625 (6th Cir. 2000).

2

As an initial matter, Plaintiff made none of the required showings to obtain injunctive relief, and therefore his requests should be denied.

There is also a question as to whether the Defendants have been properly served. Plaintiff maintains they have been served with the summons and complaint. The Court recently issued an Order for Plaintiff to more fully establish that service was effectuated. (ECF No. 26). If the Defendants have not been served, then Plaintiff is seeking injunctive relief without notice of the opposing parties. "The only type of injunctive relief that a district court may issue *ex parte* [without notice] is a temporary restraining order." *First Tech. Safety Sys., Inc. v. Depinet*, 11 F.3d 641, 650 (6th Cir. 1993). A court may only issue a temporary restraining order without notice to the adverse party or its attorney if:

> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition **[and] (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.**

Fed. R. Civ. P. 65(b) (emphasis added). Plaintiff has not satisfied Rule 65(b)(1)(B) because he did not certify in writing any efforts made to give notice and reasons why notice should not be required. But again, more importantly, Plaintiff has not otherwise established entitlement to injunctive relief. Most notably, he has not demonstrated a likelihood of success on the merits. The Court will not delve into the merits of his case for him.

3

There are other reasons Plaintiff is not entitled to the relief he seeks. Because Plaintiff was recently served (it appears he was served in May) the eviction notice, it is possible eviction proceedings have not concluded in that there may be a period in which Plaintiff can appeal. To the extent that the proceedings are not closed, a stay of execution proceedings is prohibited by the Anti-Injunction Act. *See* 28 U.S.C. § 2283 ("A court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments."); *see also Wells v. DLJ Mortg. Capitol Inc.*, 2014 WL 5587561, at *2 (S.D. Ohio Nov. 3, 2014) (request to stay state court eviction proceeding prohibited pursuant to Anti-Injunction Act); *E3A v. Bank of Am., N.A.*, 2013 WL 784339 (E.D. Mich. Mar. 1, 2013) (request to stay writ of eviction prohibited pursuant to the Anti-Injunction Act).

If proceedings are ongoing, this raises another issue. The Court arguably should abstain from making a ruling on the constitutionality of Defendants' actions under *Younger v. Harris*, 401 U.S. 37 (1971). *Younger* instructs that federal courts may not "stay or enjoin pending state court proceedings except under special circumstances." *Id.* at 41. *Younger* abstention is appropriate where "(1) state proceedings are currently pending; (2) the proceedings involve an important state interest; and (3) the state proceedings will provide the federal plaintiff with an

adequate opportunity to raise his constitutional claims." *Doe v. Univ. of Kentucky*, 860 F.3d 365, 369 (6th Cir. 2017) (citing *Middlesex Cnty. Ethics Committee v. Garden State Bar Ass'n*, 457 U.S. 423, 432-34 (1982)).

Here, all three factors would support abstention, if proceedings are ongoing. Eviction proceedings pending in state court implicate important state interests. *See Leonard v. Montgomery*, 2023 WL 1070246, at *2 (S.D. Ohio Jan. 27, 2023). And there is no suggestion in the complaint or other filings that Plaintiff cannot raise his discrimination claims in the state action.

If proceedings are closed, then it appears his request is that the Court undo the state court's writ of eviction. The reason for this is not explained in Plaintiff's filings, but ostensibly he wants the writ stayed or dismissed because he believes it should not have been entered. As the Sixth Circuit has explained:

> The Supreme Court is vested with exclusive jurisdiction over appeals from final state-court judgments. *Lance v. Dennis*, 546 U.S. 459, 126 S. Ct. 1198, 1200 (2006). Thus, "[t]he *Rooker–Feldman*[ ]doctrine prevents the lower federal courts from exercising jurisdiction over cases brought by 'state-court losers' challenging 'state-court judgments rendered before the district court proceedings commenced.'" *Id.* at 1199 (quoting *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005)). The doctrine applies "only when a plaintiff complains of injury from the state court judgment itself." *Coles v. Granville*, 448 F.3d 853, 858 (6th Cir. 2006). "If the source of the injury is the state court decision, then the *Rooker–Feldman* doctrine would prevent the district court from asserting jurisdiction. If there is some other source of injury, such as a third party's actions,

5

> then the plaintiff asserts an independent claim."
> *McCormick v. Braverman*, 451 F.3d 382, 393 (6th Cir.
> 2006). Additionally, the *Rooker–Feldman* doctrine "does
> not prohibit federal district courts from exercising
> jurisdiction where the plaintiff's claim is merely a
> general challenge to the constitutionality of the state law
> applied in the state action, rather than a challenge to the
> law's application in a particular state case." *Hood v.
> Keller*, 341 F.3d 593, 597 (6th Cir. 2003).

*Abbott v. Michigan*, 474 F.3d 324, 328 (6th Cir. 2007) (first alteration in original). As it appears Plaintiff is challenging the state court's writ of execution because the court should not have entered it, the Court cannot grant relief. If this is not the relief he seeks, then what he seeks is unclear and cannot be granted without clarity and support for his position. Plaintiff motion to stay (ECF No. 13) and other requests for injunctive relief (ECF Nos. 27, 40, 41) should be **DENIED**.

B.  <u>Procedures on Objections</u>

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1981). Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health*

6

*and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Loc. 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

      Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc.  Any objection must recite precisely the provision of this Report and Recommendation to which it pertains.  Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity.  Fed. R. Civ. P. 72(b)(2), Local Rule 72.1(d).  The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc.  If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date: June 7, 2023                                      s/Curtis Ivy, Jr.
                                                                Curtis Ivy, Jr.
                                                                United States Magistrate Judge

## **CERTIFICATE OF SERVICE**

      The undersigned certifies that this document was served on counsel of record and any unrepresented parties via the Court's ECF System or by First Class U.S. mail on June 7, 2023.

                                            s/Kristen MacKay
                                            Case Manager
                                            (810) 341-7850