UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **EARL DIAMOND,**<br><br>Plaintiff,<br><br>vs.<br><br>**RIVERBEND APTS., et al.,**<br><br>Defendants. | 2:23-CV-10005-TGB-CI<br>HON. TERRENCE G. BERG<br>**ORDER DENYING PLAINTIFF'S OBJECTIONS TO MAGISTRATE JUDGE'S ORDERS (ECF NOS. 26, 42) AND REPORT & RECOMMENDATION (ECF NO. 43)**<br><br>**(ECF NOS. 30, 36, 44, 51, 54, 57, 58, 60, 61);**<br><br>**AND ADOPTING REPORT & RECOMMENDATION (ECF NO. 43)** |

Pro se Plaintiff Earl Diamond has filed numerous objections to two Orders (ECF Nos. 26, 42) and a Report & Recommendation ("R&R") (ECF No. 43) issued by Magistrate Judge Curtis Ivy, Jr. on June 7, 2023. (ECF Nos. 30, 36, 44, 51, 54, 57, 58, 60, 61). Magistrate Judge Ivy's Order to Show Cause required Plaintiff to submit proof that he had properly served Defendants to have default judgment entered against them. ECF No. 26. Magistrate Judge Ivy later entered an Order denying Plaintiff's motion to require Defendants to put his rent payments in escrow and setting aside the default judgment. ECF No. 42. The R&R recommended denying Plaintiff's requests for injunctive relief involving Defendants' pending state court actions against him. ECF No. 43. For the reasons

1

below, Plaintiff's objections to Magistrate Judge Ivy's Orders and R&R are **DENIED**. The Court **ADOPTS** Magistrate Judge Ivy's R&R (ECF No. 43).

## I. BACKGROUND

In granting Plaintiff's motion for leave to proceed in forma pauperis, the Court construed Plaintiff's complaint as alleging that Defendants have violated the Fair Housing Act by discriminating against him because he is Black and has a disability. ECF No. 7. On January 13, 2023, Plaintiff filed a motion requesting that Defendants be required to put Plaintiff's rent payments into escrow until this case is resolved. ECF No. 6. Plaintiff later filed several requests for injunctive relief, including a motion to stay and dismiss state court eviction proceedings, and requests for Defendants to return Plaintiff's property and to permit him to live in the apartment without paying rent. ECF Nos. 13, 27, 40, 41.

On June 7, 2023, Magistrate Judge Ivy issued an R&R recommending that Plaintiff's requests for injunctive relief be denied. ECF No. 43. Magistrate Judge Ivy concluded that Plaintiff did not meet any of the necessary requirements to obtain injunctive relief. Magistrate Judge Ivy explained that Plaintiff's requests were not supported by any valid authority on obtaining such relief, and the Anti-Injunction Act and abstention doctrines prevented the Court from issuing injunctive relief. *Id.* at PageID.188–92. Plaintiff filed multiple objections that appear to relate to the R&R. *See, e.g.*, ECF Nos. 44, 51, 54, 57, 58, 60, 61.

Meanwhile, Plaintiff also filed a request for the Clerk's Office to enter default judgment based on Defendants' failure to plead or defend. ECF No. 18. The Clerk's Office initially denied Plaintiff's default judgment requests because Plaintiff failed to submit sufficient proof of service. ECF Nos. 19, 20. Plaintiff then filed documentation purporting to show proof of service (ECF Nos. 21, 22), and the Clerk's Office granted default judgment on May 2, 2023. ECF Nos. 24, 25.

On May 8, 2023, Magistrate Judge Ivy issued a Show Cause Order requiring Plaintiff to explain why the entries of default judgment should not be set aside "for failure to establish service of the complaint on the Defendants." ECF No. 26, PageID.78. Magistrate Judge Ivy pointed out that one of Plaintiff's proof of service documents was only "partially legible," and the other was "completely illegible." *Id.* at PageID.76. Plaintiff responded to the Show Cause Order by filing numerous documents, some of which were stylized as "Objections" to the Show Cause Order. *See* ECF Nos. 30, 36. As the Court understands it, Plaintiff contends that Defendants have been served and are aware of this lawsuit, but have chosen to avoid participating. ECF No. 28, PageID.83, PageID.85. Plaintiff attached documents purporting to demonstrate that Defendants received notice of this case, but indicated that he did not have better quality images showing proof of service from the USMS Form 285. *Id.* at PageID.86.

After considering Plaintiff's responses to the Show Cause Order,

3

Magistrate Judge Ivy set aside the entry of default judgment. ECF No. 42. Magistrate Judge Ivy noted that despite Plaintiff's insistence that Defendants are aware of this lawsuit, Plaintiff failed to comply with Federal Rule of Civil Procedure 4 to properly effectuate service. *Id.* at PageID.184. Magistrate Judge Ivy provided guidance to Plaintiff on serving Defendants as corporate entities, and required Plaintiff to submit the names and addresses of Defendants' service agents by July 7, 2023. *Id.* at PageID.185.

Shortly after Magistrate Judge Ivy issued the Order setting aside default judgment, Plaintiff submitted several documents that appear to relate to serving Defendants. *See, e.g.*, ECF Nos. 50, 51, 52, 61. None of those documents specifically identified the names and addresses of Defendants' service agents, but merely listed the address for Riverbend Apartments. Plaintiff stylized some filings as "Objections" to the Order. *See* ECF No. 61.

On June 8, 2023, Plaintiff filed a Notice of Appeal of Magistrate Judge Ivy's Show Cause Order and the Order setting aside default judgment. ECF No. 45. The Sixth Circuit dismissed Plaintiff's appeal for lack of jurisdiction. ECF No. 66.

## II. LEGAL STANDARD

The law provides that either party may serve and file written objections "[w]ithin fourteen days after being served with a copy" of a magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1).

4

The Court will make a "de novo determination of those portions of the report . . . to which objection is made." *Id.* Pursuant to Federal Rule of Civil Procedure 72(a), a party may also object to a magistrate judge's orders on non-dispositive matters. The Court "must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a).

A party's objections must "address specific concerns with the magistrate's report." *Howard v. Sec'y of Health & Hum. Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). "A general objection to the entirety of the magistrate's report has the same effects as would a failure to object." *Id.* Accordingly, "[t]he filing of vague, general, or conclusory objections does not meet the requirement of specific objections and is tantamount to a complete failure to object." *Cole v. Yukins*, 7 F. App'x 354, 356 (6th Cir. 2001).

### III. DISCUSSION

Plaintiff submitted dozens of separate filings related to Magistrate Judge Ivy's Show Cause Order, Order setting aside default judgment, and R&R without providing any method of identifying his substantive objections.[1] Setting aside the confusing form of Plaintiff's objections, all of Plaintiff's objections are vague, general, or conclusory, and do not challenge any specific aspect of Magistrate Judge Ivy's Order and R&R.

---

[1] The Court has construed ECF Nos. 30, 36, 44, 51, 54, 57, 58, 60, and 61 to be objections to the two Orders and the R&R because Plaintiff stylized these filings as "Objections."

Indeed, many of Plaintiff's arguments are difficult to understand and he cites no legal authority for his positions. Furthermore, Plaintiff's various attachments do not provide any substantive support for his claims and are often not self-explanatory. *See McCready v. Kamminga,* 113 F. App'x 47, 49 (6th Cir. 2004) (affirming the district court's adoption of an R&R because the plaintiff "filed a rambling, 143-page objection to the magistrate judge's report and recommendation" that "offered bold conclusions regarding facts and the law with little, if any support").

From the Court's review of Magistrate Judge Ivy's Show Cause Order, Order setting aside default judgment and denying Plaintiff's motion to require Defendants to put his rent in escrow, and the R&R, the Court sees no errors in Magistrate Judge Ivy's rulings. As Magistrate Judge Ivy previously ordered, Plaintiff must provide the addresses and names of Defendants' resident service agents, which may not be the same as the address of Riverbend Apartments. Plaintiff is advised to utilize the State of Michigan's Business Entity Search Tool (https://cofs.lara.state.mi.us/SearchApi/Search/Search) to identify the proper address(es) and name(s) of the resident service agents for Defendants. Plaintiff is again admonished to review the Federal Rules of Civil Procedure and the Michigan Court Rules for service of process to ensure that he identifies the correct addresses and agent names.

The Court warns Plaintiff that failure to provide the addresses and names of Defendants' resident service agents **by August 23, 2023** may

result in dismissal of his case for failure to prosecute.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff's objections to Magistrate Judge Ivy's Show Cause Order, Order setting aside the entry of default judgment and denying Plaintiff's request to require Defendants to place rent money into escrow, and the R&R are **DENIED**. The R&R (ECF No. 43) is **ACCEPTED** and **ADOPTED**.

**IT IS SO ORDERED.**

Dated: August 22, 2023  s/Terrence G. Berg
TERRENCE G. BERG
UNITED STATES DISTRICT JUDGE