UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| EARL DIAMOND,<br>      Plaintiff,<br>v.<br><br>RIVERBEND APTS and<br>CHARGER PROPERTIES,<br>      Defendants.<br>_____/ | Case No. 23-10005<br><br>Terrence G. Berg<br>United States District Judge<br><br>Curtis Ivy, Jr.<br>United States Magistrate Judge |

# ORDER DENYING PLAINTIFF'S MOTION (ECF Nos. 53, 55, 56, 59, 62, 70, 74)

This Order addresses seven pending motions filed by Plaintiff in June and August 2023.

  A. <u>Motions to Stay 7th Circuit Case (ECF Nos. 53, 56)</u>

In these motions, which appear identical, Plaintiff asks the Court to stay decisions made in two separate state court cases, overturn their decisions, return to him his right to lease the apartment, and order the return or replacement of all property lost during his eviction from the apartment. As explained in the Report and Recommendation filed June 7, 2023, the Court cannot stay state eviction proceedings or overturn state court judgments he believes were wrongly decided. (ECF No. 43); *Abbott v. Michigan*, 474 F.3d 324, 328 (6th Cir. 2007). That Report and Recommendation was adopted by the Court. (ECF No. 78). As in his prior

motions to stay state court proceedings, Plaintiff did not argue a reason why the Court should grant the relief he requests. The motions are **DENIED**.

    B. <u>Motion for Court to Contact Clinic About Service (ECF No. 55)</u>

This motion is about Plaintiff's belief that the Defendants have been served and should have answered the complaint because the Court's Pro Se Clinic contacted lawyers for the Defendants about this case. As explained in a prior order, ECF No. 42, "actual notice of the litigation is insufficient to permit a court to exercise jurisdiction over a defendant; rather, compliance with the requirements of Rule 4 must be shown." *Harrison v. Burt*, 2008 WL 3984044, at *1 (E.D. Mich. Aug. 28, 2008). As the Court explained in the Order denying Plaintiff's objections, Plaintiff must provide addresses for service on the Defendants. That address or those addresses may not be the same as Riverbend Apartments. The Court advised Plaintiff that he should use Michigan's Business Entity Search Tool to identify the proper names and addresses for service. The motion is **DENIED**.

Plaintiff was ordered to provide addresses and names of Defendants' resident service agents by August 23, 2023. He was warned that failure to do so could result in dismissal of this case for failure to prosecute. To date, Plaintiff has not provided names and addresses for service. He is **Ordered to show cause** in writing **on or before September 13, 2023**, why the undersigned should not recommend that this case be dismissed for failure to provide information for

service and failure to prosecute under Federal Rule of Civil Procedure 41(b). Failure to timely or adequately respond to this Order to show cause will result in a recommendation that the case be dismissed for failure to prosecute. Alternatively, Plaintiff may respond to this Order to show cause by providing names and addresses for service by September 13, 2023.

    C.    <u>Motion for Court to Decide Jurisdiction (ECF No. 59)</u>

Plaintiff states that there are four cases pending concerning his rent payments and evictions—two separate state court cases and two federal cases consolidated into this case. Plaintiff asserts that the courts need to decide which one has jurisdiction to hear his case because in the meantime the courts are issuing decisions different from each other. The Court has explained why it cannot take action, on the facts presented, in the state cases. This Court, it appears, has jurisdiction to hear the consolidated federal cases and will proceed after Defendants are served. The motion is **DENIED**.

    D.    <u>Motions for Lease and Rent Records (ECF Nos. 62, 74)</u>

In these identical motions, Plaintiff asks the Court to require Defendants to provide copies of his lease agreements and other documents. The motion is **DENIED** for two reasons. First, discovery commences after the parties meet and discuss a potential discovery plan, submit that proposed plan to the Court, and attend a scheduling conference with the Court under Federal Rules of Civil

Procedure 16 and 26. These discussions have not happened yet because Defendants haven't been formally served with the complaint. Thus, Plaintiff's discovery requests are premature. The motion is also denied because discovery requests must be served on the Defendants (or their attorneys), not the Court. Attempting to serve discovery requests through the Court is improper under Eastern District of Michigan Local Rule 26.2 and Fed. R. Civ. P. 5(d)(1).

    E.    <u>Motion for Hearing on Order to Show Cause (ECF No. 70)</u>

Plaintiff asserts that he was never served the May 8, 2023, Order to Show Cause and questions whether the Court served that Order on the Defendants. Plaintiff's contention that the Order was not mailed to him appears disingenuous considering it was mailed to the current address on record and he objected and responded to the Order. (ECF Nos. 34-36). He demands that the Court explain why it gave the Defendants a writ of eviction—the Court did not give Defendants a writ of eviction. Nor has the Court served any documents on Defendants because they have not yet been properly served and have not yet appeared. The motion is **DENIED**.

    **IT IS SO ORDERED**.

The parties here may object to and seek review of this Order, but are required to file any objections within 14 days of service as provided for in Federal Rule of Civil Procedure 72(a) and Local Rule 72.1(d). A party may not assign as

4

error any defect in this Order to which timely objection was not made. Fed. R. Civ. P. 72(a). Any objections are required to specify the part of the Order to which the party objects and state the basis of the objection. When an objection is filed to a magistrate judge's ruling on a non-dispositive motion, the ruling remains in effect unless it is stayed by the magistrate judge or a district judge. E.D. Mich. Local Rule 72.2.

Date: August 29, 2023                     s/Curtis Ivy, Jr.
                                          Curtis Ivy, Jr.
                                          United States Magistrate Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that this document was served on counsel of record and any unrepresented parties via the Court's ECF System or by First Class U.S. mail on August 29, 2023.

                                          s/Sara Krause
                                          Case Manager
                                          (810) 341-7850