UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| EARL DIAMOND,<br>　　　　　　Plaintiff,<br>v.<br><br>RIVERBEND APTS and<br>CHARGER PROPERTIES,<br>　　　　　　Defendants.<br>_____/ | Case No. 23-10005<br><br>Terrence G. Berg<br>United States District Judge<br><br>Curtis Ivy, Jr.<br>United States Magistrate Judge |

**REPORT AND RECOMMENDATION FOR DISMISSAL UNDER
FED. R. CIV. P. 4(m)**

A.　Background

This case is before the Court on Plaintiff's failure to provide names and addresses for service of process on the Defendants. Plaintiff is proceeding *in forma pauperis*, so the United States Marshals Service is tasked with serving the summons and complaint on Defendants. They cannot serve the summons and complaint without correct names and addresses. This has been explained to Plaintiff many times. (ECF Nos. 26, 42, 78, 109). The Court has explained that since the Defendants are corporate entities, Plaintiff must provide the name and address for a registered agent or some other business official described in prior orders and in the Michigan Court Rules for service at M.C.R. § 2.105. In the Court's Final Order for Service Information, the Court again explained the rules for service of process and what was required of Plaintiff. (ECF No. 109). The

Court gave Plaintiff "one final chance at providing the information" by October 13, 2023. (*Id.* at PageID.552). The Court warned that "**Failure to timely provide the name(s) and address(es) by that date will result in a report and recommendation to dismiss this case under Fed. R. Civ. P. 4(m) for failure to provide information for service and/or under Fed. R. Civ. P. 41(b) for failure to prosecute.**" (*Id.*).

That Order was returned to the Court as undeliverable. (ECF No. 115). The Court then ordered Plaintiff to show cause why the case should not be dismissed for his failure to keep his address updated with the Court. The Court warned that failure to respond to the Order by November 10, 2023, would result in a report and recommendation that the case be dismissed for failure to prosecute under Fed. R. Civ. P. 41(b). The day after the Order to Show Cause was filed and mailed, Plaintiff filed a request that all further communication with him be via email to his personal email address because he is homeless without an address. (ECF No. 116). In response to Plaintiff's request, the Court explained that it cannot email documents to litigants. If Plaintiff is available only by electronic means, he was given information to create a free e-file account so that he would receive filings electronically to his email address. The Court emailed that Order to Plaintiff so he would have the information, but warned that this would be the last time an Order was emailed. Plaintiff was further warned that if he does not create an e-file

account and the Court cannot communicate with Plaintiff by mail, his case would be dismissed. (ECF No. 118). Plaintiff has taken no further action in this case.

A dismissal for failure to prosecute is with prejudice, while a dismissal for failure to timely serve defendants is without prejudice. Though dismissal for a litigant's failure to maintain a means of communication is appropriate, *White v. City of Grand Rapids*, 34 F. App'x 210, 211 (6th Cir. 2002) (finding that a *pro se* prisoner's complaint "was subject to dismissal for want of prosecution because he failed to keep the district court apprised of his current address"), the undersigned recommends dismissal for Plaintiff's failure to provide service of process information.

Federal Rule of Civil Procedure 4(m) provides that if service is not effectuated within 90 days, the Court must dismiss the action without prejudice as to that defendant. "Absent a showing of good cause to justify a failure to effect timely service, the Federal Rules of Civil Procedure compel dismissal." *Byrd v. Stone*, 94 F.3d 217, 219 (6th Cir. 1996) (citing *Habib v. General Motors Corp.*, 15 F.3d 72, 73 (6th Cir. 1994)). It is Plaintiff's burden to establish good cause for failing to timely effect service. *Habib*, 15 F.3d at 73.

As explained above, Plaintiff was given multiple opportunities to provide the correct information so that the United States Marshals Service could effect service on the Defendants. Plaintiff failed to do so throughout this litigation and by the

final deadline for names and addresses; the Defendants remain unserved. For this reason, the undersigned recommends that the case be dismissed without prejudice under Fed. R. Civ. P. 4(m).

B. Procedures on Objections

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1981). Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Loc. 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed. R. Civ. P. 72(b)(2), Local Rule 72.1(d).

The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date: December 6, 2023  s/Curtis Ivy, Jr.
Curtis Ivy, Jr.
United States Magistrate Judge

### CERTIFICATE OF SERVICE

The undersigned certifies that this document was served on counsel of record and any unrepresented parties via the Court's ECF System or by First Class U.S. mail on December 6, 2023.

s/Sara Krause
Case Manager
(810) 341-7850